**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOKO WURYANTO, | No. 10-70932 |
| Petitioner, | Agency No. A079-470-743 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 17, 2012[**]

Before:     LEAVY, TALLMAN, and CALLAHAN, Circuit Judges.

Joko Wuryanto, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction pursuant to 8 U.S.C. § 1252.  We review for substantial evidence findings of fact, including adverse credibility determinations.  *See Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001).  We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on the substantial discrepancies between Wuryanto's testimony and asylum application regarding what occurred during the 1996 and 2000 encounters he described.  *See id.* at 1043; *Goel v. Gonzales*, 490 F.3d 735, 739 (9th Cir. 2007).  Wuryanto's contentions that he was not afforded an opportunity to explain the discrepancies and that the BIA failed to provide its rationale for affirming the IJ's adverse credibility determination are belied by the record.  In the absence of credible testimony, Wuryanto's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Wuryanto's CAT claim is based on the same testimony found to be not credible, and he does not point to any other evidence that shows it is more likely than not he would be tortured if returned to Indonesia, his CAT claim fails. *See id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**